UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MRS. JOYCE CROWLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| GOODRICH CORPORATION | ) |
| EMPLOYEE'S PENSION PLAN | ) |
| | ) |
| And | ) |
| | ) |
| GOODRICH CORPORATION | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COME NOW Plaintiff Mrs. Joyce Crowley ("Joyce") and for her Complaint against the Goodrich Corporation Employee's Pension Plan (the "Plan") and Goodrich Corporation states as follows:

## THE PARTIES

1.  Plaintiff, Mrs. Joyce Crowley ("Joyce"), is the widow of Mr. Henry Crowley ("Hank"), who passed away on March 1, 2009.  She is a citizen of the State of Missouri and resides within this district.

2.  The Plan is an "employee pension benefit plan" within the meaning of § 3(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001(2).

3.  Goodrich Corporation ("Goodrich") is the "administrator" for the Plan within the meaning of § 3(16)(A) of ERISA, 29 U.S.C. § 1001(16)(A).  Upon information and belief,

Goodrich is incorporated pursuant to the laws of the State of North Carolina and maintains its principal place of business within the State of North Carolina.

4. Joyce brings this action against the Plan pursuant to § 502(a) of ERISA, 29 U.S.C. § 1132(a) to recover Plan benefits and against Goodrich pursuant to § 502(a) and (c), 29 U.S.C. §1132(a) and (c) to recover a penalty to which Joyce is entitled to recover because Goodrich failed to timely provide documents in the time and manner required by ERISA.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to § 502(e) of ERISA, 29 U.S.C. § 1132(e) and also 28 U.S.C. § 1331 because Joyce brings her cause of action pursuant to ERISA § 502, 29 U.S.C. 1132.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7. Venue in this Court is proper pursuant to § 502(e)(2), 29 U.S.C. §1132(e)(2) because Joyce resides in this district and defendant may be found in this district and because the breach occurred in this district.

8. Venue is also proper in this district pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events giving rise to the claim occurred in Missouri, including the Eastern District of Missouri.

## FACTS

9. At all relevant times Hank was a participant in the Plan.

10. Upon information and belief, Hank's pension plan benefits commenced payment on or about June 1, 1988 and continued until his death March 1, 2009.

- 2 -

- 3 -

11. At all relevant times Joyce was married to Hank.

12. Pursuant to the Retirement Equity Act of 1984 (the "REA"), Hank's annuity had to be paid as a qualified joint and survivor annuity unless Joyce consented in writing to Hank electing a single life annuity.  See 29 U.S.C. § 1055(c)(2)(A).

13. If Hank elected a single life annuity, Joyce never consented to Hank electing a single life annuity.

14. Joyce repeatedly has asked Goodrich to provide a copy of any election Hank made regarding the Plan, but Goodrich has failed to provide any such document.

15. Joyce is entitled to continue to receive monthly payments from the Plan after Hank's death.

16. Joyce submitted a claim for benefits, but the Plan and Goodrich, as plan administrator for the Plan, have ignored and failed to respond to Joyce's claim.

17. Joyce either has exhausted her administrative remedies or any further attempt to exhaust remedies would be futile as evidenced by the Plan and Goodrich's failure to respond to Joyce's claim and failure to provide requested documents.

18. The Plan has improperly failed to pay monthly benefits to Joyce subsequent to Hank's death.

19. Pursuant to ERISA § 502(c), 29 U.S.C. § 1132(c), Joyce on May 8, 2009, August 6, 2009, August 19, 2009 and September 19, 2011 requested in writing of Goodrich copies of the plan document and summary plan description for the Plan as well as copies of any election form submitted by Hank or purportedly signed by Joyce.

20. Goodrich has failed to provide to Joyce the documents she has requested.

21. Joyce has been materially impeded and prejudiced in her efforts to recover Plan benefits owed to her by Goodrich's failure to provide plan documents to Joyce.

22. Pursuant to ERISA § 502(c), 29 U.S.C. §1132(c), Joyce is entitled to receive from Goodrich a penalty of $110/day for each of the documents Goodrich has failed to provide.

23. Joyce has incurred attorneys' fees and costs in bringing this action and is entitled to recover the same pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Joyce Crowley respectfully requests that judgment be entered in her favor:

A. Ordering the Plan to pay to her a monthly annuity until the time of her death;

B. Ordering Goodrich to pay to Joyce a penalty of $110/day per document for each day from May 8, 2009 to the date of judgment;

C. Ordering the Plan and Goodrich to pay Joyce's reasonable attorneys' fees and costs; and

D. Order such further and other relief as is proper.

Respectfully submitted,

/s/ *Richard J. Pautler*
Richard J. Pautler, #30789
One US Bank Plaza
St. Louis, Missouri  63101
314-552-6000
FAX 314-552-7000
dyaeger@thompsoncoburn.com

Attorney for Plaintiff Joyce Crowley

OF COUNSEL:
THOMPSON COBURN LLP

- 5 -

## **CERTIFICATE OF SERVICE**

     I hereby certify that on July 24, 2013, the foregoing was filed electronically with the Clerk of Court.

                              */s/ Richard J. Pautler*